UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLIFTON D. SMITH** | : | **CIVIL ACTION NO. 13-2720** |
| **#351618** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **HOWARD PRINCE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed *in forma pauperis* by *pro se* petitioner Clifton D. Smith (hereinafter "Smith"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections. At the time of filing, he was incarcerated at Elayn Hunt Correctional Center but was subsequently transferred to David Wade Correctional Center in Homer, Louisiana.

On August 25, 2014, this court filed a memorandum order instructing Smith to provide additional information in support of his petition. Doc. 10. He was further instructed to respond to the order by October 6, 2014. *Id.* As of this date, he has not complied with the court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

As previously stated, Smith has failed to comply with an order of this court.

- 2 -

Therefore,

**IT IS RECOMMENDED** that Smith's petition be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 3rd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE